UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

CR15-40001

                    Plaintiff,

PLEA AGREEMENT

    vs.

STANLEY DEAN BROWER,
d/b/a BROWER ENTERPRISES,
INC., and HEALTH ENTERPRISES

                    Defendant.

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

1.  **ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDER-STANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

[2]

**2.    PLEA AGREEMENT PROCEDURE - NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, which, among other things, authorize the United States to move for dismissal of other charges and to make recommendations or agree not to oppose the Defendant's request for a particular sentence.  Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw his plea of guilty if the Court rejects them.

**3.    PLEA OF GUILTY TO CHARGE AND DISMISSAL OF OTHER CHARGES:** The Defendant will plead guilty to Count 13 of the Indictment filed in this case which charges a violation of 21 U.S.C. §§ 331(c) and 333(a)(2), Receipt and Offered Delivery of a Misbranded Drug into Interstate Commerce. The charge carries a maximum sentence of 3 years in prison, a $10,000 fine, or both, and a period of supervised release of 1 year.  If the Defendant is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 1 year on any such revocation.  There is also a $100 assessment to the victims' assistance fund. Restitution may also be ordered.

Upon acceptance of the plea by the Court and the imposition of sentence, this section shall be treated as a motion to dismiss the remaining counts in the Indictment as they pertain to the Defendant pursuant to the terms of this Plea Agreement.

[3]

**4.   VIOLATION OF TERMS AND CONDITIONS:**   The Defendant acknowledges and understands that if he violates the terms of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, this Plea Agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1)   All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2)   The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3)   The United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement.

**5.   ACCEPTANCE OF RESPONSIBILITY:**   The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has  not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he:  (1) complies with the terms of this Plea Agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the

[4]

Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

6. **TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that the Defendant has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and the Defendant qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

7. **STIPULATED OFFENSE CONDUCT:** It is understood and stipulated between the United States and the Defendant that the base offense level upon which the Defendant's sentence is to be initially calculated, pursuant to U.S.S.G. § 2B1.1 is 6. It is further stipulated that pursuant to U.S.S.G. § 2G1.1(b)(1)(C), the offense level should be increased by 4, because the loss exceeded $15,000; it is further stipulated that pursuant to U.S.S.G. § 2G1.1(b)(2)(A), the offense level should be increased by 2, because the offense involved more than 10 victims. Therefore, the parties stipulate that the total offense level is 12. The Defendant understands that this stipulation is not binding upon the Court. The Defendant further understands that should the

[5]

Court not follow the terms of this stipulation and agreement, he will not be allowed to withdraw his plea.

8. **GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE - LOW END OF THE GUIDELINE RANGE:** The Defendant and the United States understand and agree that the Court will determine the applicable Guideline range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing. The United States agrees that it will recommend that the Court impose a sentence of imprisonment at the low end of the applicable Guideline range. The Defendant understands that any recommendation made by him or the United States is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

The United States reserves the right to present evidence and argument as to what it believes the applicable Guideline range should be and to respond to any request for a sentence below the applicable Guideline range. For the purposes of this agreement, the "applicable Guideline range" is the range found by the Court by reference to the Sentencing Table at U.S.S.G. § 5A based on the Defendant's total offense level and criminal history before adjustments, if any, are made based on a downward departure, an 18 U.S.C. § 3553(e) sentencing factor, or other variance.

9. **SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Ave., Sioux Falls, SD 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk

[6]

of Court" in the amount of $100, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**10.    MONETARY OBLIGATIONS - DEFENDANT'S ONGOING DUTY:**  If the Defendant does not have sufficient financial resources to immediately satisfy the financial obligations imposed upon him at sentencing, the Defendant agrees, if requested by the United States, to promptly execute and return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments and an executed Financial Statement.  The Defendant understands that this is an ongoing duty which continues until such time as payment is remitted in full.  Also the Defendant may be required to furnish the requested information, as well as current earnings statements and copies of his W-2s even if the request is made after he has been sentenced.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case.

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prison's Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court.  The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources.  If there is no period of incarceration

[7]

ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**11.   NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the Defendant in the District of South Dakota based on the information and evidence now available to the United States regarding the Defendant's involvement with the offenses charged in the Indictment.

**12.   NO FURTHER DISTRIBUTION OF FDA REGULATED DRUG PRODUCTS:** For a period of five years, beginning on the date of the signing of this Plea Agreement by the Defendant, the Defendant agrees to not receive in interstate commerce, hold for sale after shipment in interstate commerce, or distribute in interstate commerce, any drug as that term is defined in the Federal Food, Drug, and Cosmetic Act under 21 U.S.C. § 321. Further, the Defendant agrees to not sell "private-label products," which are products manufactured by another company and subsequently relabeled or sold under a brand name of any company owned by the Defendant, now or at any point in the future. The Defendant is allowed to continue to receive, hold for sale, and distribute in interstate commerce, all dietary supplements, as this term is defined in the Federal Food, Drug, and Cosmetic Act under 21 U.S.C. § 321, provided that the products for sale are not "private-label products."

**13.   BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and

[8]

accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this Plea Agreement.

**14. WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**15. PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**16. SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**17. WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its

[9]

substantive reasonableness should the Court impose an upward departure or

an upward variance pursuant to 18 U.S.C. § 3553(a).

## SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is

required to be filed in every case in compliance with the Court's Standing Order.

RANDOLPH J. SEILER
United States Attorney

_December 2, 2016_
Date

Jeffrey C. Clapper
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)357-2351
Facsimile: (605)330-4410
E-Mail: Jeff.Clapper@usdoj.gov

APPROVED:
RANDOLPH J. SEILER
United States Attorney
By:

DENNIS R. HOLMES
Chief, Criminal Division

11-/8-16
Date

Stanley Dean Brower
Defendant

11/30/16
Date

Jason Tupman
Attorney for Defendant